IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| WASHINGTON MUTUAL, INC., *et al.*, | ) | Bankruptcy Case No. 08-12229 (MFW) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |
| NADIA YOUKELSONE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-847 (GMS) |
| | ) | |
| WASHINGTON MUTUAL INC., | ) | Bankr. Adv. No. 09-50039 (MFW) |
| | ) | |
| Appellee. | ) | |
| | ) | |

## **MEMORANDUM**

### I.    INTRODUCTION

Presently before the court is the *pro se* appeal (D.I. 1) of Nadia Youkelsone ("Youkelsone" or "Appellant") from the August 13, 2010 Order and Memorandum Opinion (collectively, the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). For the reasons that follow, the court will affirm the Bankruptcy Court's August 13 Order dismissing Youkelsone's Amended Complaint.

### II.    BACKGROUND

On September 26, 2008, Washington Mutual, Inc. ("WMI" or "Appellee"), a Washington-incorporated savings and loan holding company whose principal subsidiary was Washington Mutual Bank ("WMB"), filed a petition for relief under Chapter 11 of the Bankruptcy Code. *In re Washington Mutual, Inc., et al.*, Bankr. Case No. 08-12229-MFW (Bankr. D. Del. 2008).

On January 21, 2009, Youkelsone filed a complaint initiating the above-captioned adversary proceeding and asserting several claims against WMI. (*See* Adv. No. 09-50039-MFW (Bankr. D. Del. 2009) (hereinafter "B.D.I." 1.) On February 20, 2009, WMI filed a motion to dismiss the complaint (B.D.I. 5.), and the Bankruptcy Court granted the motion on October 8, 2009. (B.D.I. 12.) Subsequently, on November, 6, 2009, Youkelsone filed an amended complaint (the "Amended Complaint") alleging numerous causes of action against WMI: (1) abuse of process, (2) economic duress, (3) breach of contract, (4) unjust enrichment, (5) bad faith, (6) conduct in violation of section 1921(4) of the New York Real Property Actions and Proceedings Law ("NYRPAPL"), (7) conduct in violation of section 1639 of the Truth in Lending Act ("TILA"), (8) deceptive practices, (9) misrepresentation, fraud, and deceit, and (10) intentional infliction of emotional harm. (B.D.I. 13.)

WMI filed a motion to dismiss the Amended Complaint on December 4, 2009 (B.D.I. 14), which the Bankruptcy Court granted on August 13, 2010. (B.D.I. 29.) The Bankruptcy Court dismissed the Amended Complaint on the grounds that Youkelsone's claims are barred by the statute of limitations; Youkelsone is estopped from litigating her claims by issue preclusion; and Youkelsone has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (B.D.I. 28)

## III.   THE PARTIES' CONTENTIONS

On appeal, Youkelsone argues that the Bankruptcy Court erred and abused its discretion in granting the motion to dismiss. Generally, she contends that the Bankruptcy Court misapplied the standards for dismissal. (D.I. 10 at 34-36.) Appellant specifically argues that the Bankruptcy Court erred in dismissing the Amended Complaint, because: (1) the Amended Complaint properly pleaded direct liability and indirect liability (under the alter ego, corporate disregard, and agency

2

theories of liability); (2) the Bankruptcy Court took judicial notice without procedural safeguards requiring reversal; (3) the Bankruptcy Court improperly dismissed the Complaint based on issue preclusion. (D.I. 10 at 14-30.) Appellant further argues that the Bankruptcy Court converted the motion to dismiss into a motion for summary judgment without procedural safeguards. (*Id.* at 30-32.) Appellant further argues that dismissal of claims based on abuse of process, conduct in violation of the TILA, and intentional infliction of emotional harm was unwarranted on the grounds of statute of limitations. (*Id.* at 32-34.) Finally, Youkelsone argues the Bankruptcy Court should have allowed her leave to amend the Complaint. (*Id.* at 36-37.)

In response, WMI contends that the dismissal of the Amended Complaint was proper, as the Bankruptcy Court applied the correct pleading standard, which requires plaintiffs to state a claim to relief that is plausible on its face. (D.I. 11 at 1.) Appellee further argues it was proper and within the discretion of the Bankruptcy Court to take judicial notice of public materials and to consider such public materials in a Rule 12(b)(6) motion context. (Id.) According to Appellee the Bankruptcy Court did not err by dismissing Appellant's claims for economic distress, breach of contract, bad faith, and deceptive practices based on issue preclusion because an essential element of these claims (ownership of the Appellant's mortgage) was previously adjudicated against Youkelsone. (Id. at 1-2.) Appellee further asserts that it was proper to dismiss Appellant's claims for abuse of process, conduct in violation of the TILA, and intentional infliction of emotional harm as barred by the applicable statute of limitations. (Id.) Appellee contends that it was proper to dismiss the Appellant's claims relating to conduct in violation of the NYRPAPL, unjust enrichment, and fraud because the Amended Complaint's allegations of fact do not establish direct or indirect liability with respect to WMI, are merely legal conclusions, or are facially implausible.

(Id. at 2.) Appellee further argues that the Bankruptcy Court did not err in denying Appellant leave to file a third complaint or ruling on the pleadings without an evidentiary hearing. (Id.)

## IV.   JURISDICTION AND STANDARD OF REVIEW

The court has appellate jurisdiction to hear all final orders and judgments from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). In reviewing a case on appeal, this court reviews a Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). Mixed questions of law and fact are subject to a "mixed standard of review." *Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635, 641–42 (3d Cir. 1991). Under this "mixed standard of review," the appellate court accepts findings of "historical or narrative facts unless clearly erroneous, but exercise[s] plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to historical facts." *Id.* at 642 (citation omitted).

## V.   DISCUSSION

After having considered the record on appeal, the parties' submissions, the standard of review, and the applicable law, the court finds that the Bankruptcy Court committed no legal error. The court will, therefore, affirm the Bankruptcy Court's decision in this case.

### A. Rule 12(b)(6) Motion to Dismiss Legal Standard

Youkelsone argues that the Bankruptcy Court misapplied the standard for dismissal under Rule 12(b)(6). (D.I. 10 at 34.) Youkelsone maintains that the Bankruptcy Court erred by not accepting as true the complaint's factual allegations, as they were not contradicted by any of the materials examined by the court. (*Id.* at 36.) The court disagrees with these assertions. The Bankruptcy Court correctly recognized that the Supreme Court decisions in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) and in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) "have shifted

federal pleading standards from notice pleading to a heightened standard of pleading." (D.I. 11 at 5; B.D.I. 28 at 5.) In *Fowler*, the Third Circuit set forth a two-part analysis for reviewing motions to dismiss in civil actions in light of *Twombly* and *Iqbal*: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950. Contrary to Youkelsone's position, *Fowler* provides the appropriate analysis, not *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Therefore, the Bankruptcy Court did not err in identifying and applying the legal standard for a Rule 12(b)(6) motion to dismiss.

### B. Judicial Notice

Youkelsone also contends that the court erred by challenging the factual allegations in the Amended Complaint with materials outside of the record. (D.I. 10 at 35.) She asserts, relying on Vollinger v. Merril Lynch & Co., 198 F. Supp. 2d 433, 437 (S.D.N.Y. 2002), that "the court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Federal Rule of Civil Procedure 56 and afford all parties the opportunity to present supporting material." Under Third Circuit precedent, when deciding a Rule 12(b)(6) motion, "a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint." O'Boyle v. Braverman, 337 F. App'x 162, 164 (3d Cir. 2009); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994).

Here, the Bankruptcy Court took judicial notice of several documents: the Foreclosure Action[1] and State Court Action[2] decisions, WMI's public filings with the Securities and Exchange Commission ("SEC"), and a Tax Sharing Agreement between WMI and WMB. (D.I. 11 at 7-8.) Appellant does not dispute that these documents were in the public record. With respect to the SEC filings, Youkelsone concedes that the court may consider public disclosure documents required to be filed and actually filed with the SEC; however, she asserts that the notice requirements were not satisfied in connection with the motion to dismiss. (D.I. 10 at 23-24.) Notice to the plaintiff is a legitimate concern, and the court recognizes that it is generally limited to considering documents attached as exhibits by the defendant. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) ("Others, like the SEC filings attached by a number of the defendants, are matters of public record of which the court can take judicial notice.") "However there is an exception to the general rule [which provides] . . . that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) (citing Shaw v. Digital Equipment Corp., 82 F.3d 1194, at 1220 (1st Cir. 1996)). The court therefore notes, as did the Bankruptcy Court, that the Amended Complaint asserted that WMI

---

[1] The "Foreclosure Action" refers to the Federal National Mortgage Association ("FNMA") initiated action in the New York State Court to foreclose upon Youkelsone's New York residence. Fed. Nat'l Mortg. Ass'n v. Youkelsone, No. 36834/2001 (N.Y. Sup. Ct. filed Oct. 2, 2001). Youkelsone filed a motion to dismiss, arguing that the assignment of her mortgage by Washington Mutual Home Loans, Inc. to the FNMA was invalid and therefore the FNMA lacked standing to sue. The court, however, denied the motion to dismiss, holding that the assignment to FNMA was valid. On appeal, the New York Supreme Court Appellate Division, Second Department affirmed the order denying Youkelsone's motion to dismiss. Fed. Nat'l Mortg. Ass'n v. Youkelsone, 303 A.D.2d 546 (N.Y. App. Div. 2003).

[2] The "State Court Action" refers to Youkelsone's lawsuit filed on December 24, 2001 in New York State Court, alleging wrongful conduct against Fleet Mortgage Corporation, Washington Mutual Home Loans Inc., and Fleet Financial Group, Inc. related to the foreclosure on her home. Youkelsone v. Fleet Mortg. Corp, 50145/01 (N.Y., Sup. Ct. filed on May 10, 2002). The court granted the defendants motion to dismiss the claims. On appeal, the New York Supreme Court, Appellate Division, First Department affirmed the order dismissing the State Court Action, holding that Youkelsone was collaterally estopped from raising claims dependent upon issues asserted and decided in the Foreclosure Action. Youkelsone v. Fed. Nat'l Mortg. Ass'n, 309 A.D.2d 655 (N.Y. App. Div. 2003).

"maintained no separate legal formalities such as filing necessary papers, reports and corporate tax reports." (B.D.I. 13 ¶ 27.) Youkelsone's allegation effectively opened the door for the court to take judicial notice of the SEC filings[3] and Tax Sharing Agreement[4]—matters of public record—without employing the summary judgment standard. Consequently, the Bankruptcy Court did not abuse its discretion by taking judicial notice and was not required to determine the motion under the summary judgment standard.

### C. Issue Preclusion

The court turns to whether, based on the documents properly considered at the motion to dismiss stage, Youkelsone's economic distress, breach of contract, bad faith, and deceptive practices claims should have been dismissed on issue preclusion grounds. The court finds no error in the Bankruptcy Court's conclusion that the respective claims were barred by issue preclusion because ownership of the mortgage note is an essential element of each claim and it was previously decided against Youkelsone. Appellant argues that the Bankruptcy Court abused its discretion in affording full faith and credit to the state court decisions, which were fraudulently obtained by the defendant. (D.I. 10 at 26.) In addition, Appellant argues that issue preclusion should not have been applied here because none of the facts and occurrences were present in the prior litigation. (*Id.*)

The principle of issue preclusion prevents a party from relitigating an issue that was fully litigated in a previous action. *Board of Trustees of Trucking Employees of North Jersey Welfare, Fund, Inc. v. Centra*, 983 F.2d 495, 5050 (3d Cir. 1992). The full faith and credit statute directs

---

[3] The Bankruptcy Court noted "WMI was a public company whose securities traded on the New York Stock Exchange and was subject to strict regulation, including the informational disclosure requirements of the Securities Exchange Act of 1934." (B.D.I. 28 at 32.)

[4] The Tax Sharing Agreement is related to separate litigation involving WMI, and the Bankruptcy Court noted that the Tax Sharing Agreement serves as evidence that "WMI and WMB did adhere to legal formalities required by the IRS with respect to corporate taxes." (B.D.I. 28 at 32.)

federal courts to refer to the law of the state in which judgment was rendered in determining whether issue preclusion applies. 28 U.S.C. § 1738. Thus, the Bankruptcy Court properly applied the preclusion law of New York. New York preclusion law bars a claim "if (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in that proceeding; (3) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Congregation Adas Yereim v. City of New York*, 673 F. Supp. 2d 94, 108 (E.D.N.Y. 2009) (citing *Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 146 (2d Cir. 2005)).

The Bankruptcy Court barred the claims because the validity of the assignment of the mortgage had already been fully litigated, decided, and affirmed on appeal. *See Federal Nat'l Mortg. Assn'n v. Youkelsone*, 303 A.D.2d 546 (N.Y. App. Div. 2003); *Youkelsone v. Fed. Nat'l Mortg. Ass'n*, 309 A.D. 2d 655 (N.Y. App. Div. 2003). (B.D.I. 28 at 21.) This analysis was proper. Appellant's arguments to the contrary are unavailing.

**D.  Statute of Limitations**

The court next considers whether Youkelsone's abuse of process, violation of the TILA, and intentional infliction of emotional harm claims should have been dismissed on statute of limitations grounds. Youkelsone contends that the allegations in the Amended Complaint demonstrate that the WMI's conduct at issue continued until at least May, 2009, and, as a result, provide sufficient basis for finding that the statute of limitations tolled. (D.I. 10 at 32-34.) The court is unconvinced, as Youkelsone claims, that the Bankruptcy Court "dismissed the actions on a summary basis." (*Id.*) To the contrary, the Bankruptcy Court conducted an extensive analysis of the statute of limitations issue: the Bankruptcy Court applied the Delaware's choice of law analysis, determined that the majority of the contacts were in New York, and then applied the New

York statute of limitations. (D.I. 11 at 10.) The parties do not dispute that the New York one-year statute of limitations applies to Youkelsone's claims for abuse of process, intentional infliction of emotional harm, and conduct in violation of the TILA. (D.I. 10 at 3; *see* N.Y.C.P.L.R 215[3] (McKinney 2010); 15 U.S.C. §1640(e).) However, the question of when the statute of limitations accrued remains at issue.

According to the Bankruptcy Court, WMI's Chapter 11 filing date, September 26, 2008, provided the effective date for the statute of limitations analysis. (B.D.I. 28 at 14.) The Bankruptcy Court concluded that these claims must have accrued after September 27, 2007 to satisfy the one-year statute of limitations. (B.D.I. 28 at 15.) On appeal, Youkelsone asserts that the court failed to apply equitable tolling and the continuing tort doctrine. (D.I. 10 at 32-33.) She points to allegations in the Amended Complaint stating that WMI "maintained its foreclosure action until at least June, 2009." (*Id.* at 33.) The Bankruptcy Court, however, declined to accept as true these allegations that are facially implausible based on the public record and the record of the underlying bankruptcy proceedings. .The court detects no legal error.   Thus, the claims were properly determined to be barred by the applicable statute of limitations.

### E. Plausibility of Remaining Claims for Relief

Finally, the court must determine whether the Bankruptcy Court properly dismissed the remaining claims for violation of NYRPAPL, unjust enrichment, and fraud. As indicated above, a complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1940. Particularly, Youkelsone alleged direct liability and indirect liability against WMI. Thus, the court considers whether the Amended Complaint contains facially plausible factual allegations supporting both theories of liability.

### a. Direct Liability

The Bankruptcy Court did not err in finding that the Amended Complaint failed to state a plausible claim for relief that WMI is directly liable to Youkelsone for the misconduct related to the ownership or servicing of her mortgage. First, the Bankruptcy Court properly concluded that issue preclusion barred the Amended Complaint's allegations that WMI formally acquired the mortgage and was the owner of the mortgage, (B.D.I. ¶¶ 37, 39, App. Ex. E; D.I. 11 at 13.) Second, the court properly determined that Youkelosone's allegations relating to servicing of her mortgage did not establish a plausible claim for direct liability. (B.D.I. 28 at 24.) In reaching this conclusion, the court correctly recognized that "[u]nder New York law, unless the mortgage servicer is a party to the mortgage contract, only the mortgagee can be held liable to the mortgagor." (D.I. 11 at 13-14) (citing *Fellows v. CitiMortgage, Inc.*, No. 07-Civ. 2261 (DLC), 2010 WL 1857243 at *15 (S.D.N.Y. May 11, 2010)). Furthermore, the court agrees with the Bankruptcy Court's finding that "only FNMA had a contractual relationship with the servicer and it is the only party with a right to enforce the servicer's obligations pursuant to the servicing contract." *Id.* As the court is not persuaded by Appellant's attempt to undercut the import of *Fellows*, (D.I. 10 at 22; D.I. 13 at 17), the court cannot conclude that the Bankruptcy Court erred in dismissing the direct liability claims.

### b. Indirect Liability

The Amended Complaint alleges that WMI can be held indirectly liable for the acts of its subsidiary bank, WMB. The court disagrees with the Appellant's contention that the Bankruptcy Court erred in failing to hold the Appellee indirectly liable. The Bankruptcy Court properly determined that Delaware choice-of-law rules required the court to apply Washington law to evaluate whether WMI can be held liable for WMB's actions, as both WMI and WMB are

Washington corporations. *See Rosenmiller v. Bordes*, 607 A.2d 465, 568 (Del. Ch. 1991). Youkelsone contends that WMI should be held liable for the acts of WMB based on three separate theories of liability: corporate disregard, alter ego, and agency. The court will address each in turn.

The Bankruptcy Court did not err in finding that the Amended Complaint failed to adequately plead corporate disregard. Under Washington law, a plaintiff seeking to pierce the corporate veil must show (1) that the corporate form was intentionally used to violate or evade a duty, and (2) disregard of the corporate form is necessary to prevent unjustified loss to the injured party. *Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, No. C08-1372 RSM, 2010 WL 2079694, at *6 (W.D. Wash. May 20, 2010), *aff'd*, 447 F. App'x 814 (9th Cir. 2011). The Bankruptcy Court correctly construed the case law to require "more than a close relationship" to satisfy the first element of corporate disregard; fraud related to the abuse of the corporate form. (B.D.I. 28 at 27.)

Accepting Youkelsone's allegations regarding corporate structure and the close relationship between WMI and WMB as true, the Bankruptcy Court concluded that "Youkelsone does not allege . . . that any of these arrangements served a fraudulent purpose. These allegations indicate nothing more than a close relationship between a parent and a subsidiary and are not sufficient to sustain a claim under the doctrine of corporate disregard."[5] (*Id.* at 28.) In addition, the Bankruptcy Court noted that the Amended Complaint included several allegations of fraudulent acts by WMB, but these allegations were unrelated to a fraudulent misuse of the corporate form. (*Id.* at 28-29.) The court is not persuaded by Appellant's attempt to challenge the Bankruptcy Court's determination that "a mere assertion of fraud on the part of a subsidiary does

---

[5] The Bankruptcy Court identified the following allegations: "allegations that [WMI and WMB] filed consolidated tax returns, operated a centralized cash management system, conducted business from the same offices, shared identical directors and officers, shared the same president, and shared common employees." (B.D.I. 28 at 28) (citing B.D.I. ¶¶ 13-16, 20, 21.)

not constitute an abuse of the corporate form." (citing *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 530 (D. Del. 2008).)  Simply put, because Youkelsone's claim of fraudulent conduct by WMB does not allege abuse of the corporate form, the Amended Complaint insufficiently alleges liability under the doctrine of corporate disregard.

Appellant contends that the Bankruptcy Court should have denied the motion to dismiss because WMI is liable under the alter ego theory.  The court disagrees.  The Bankruptcy Court properly determined that Youkelsone's allegations are not sufficient to impose alter ego liability. (B.D.I. 28 at 33.)  Specifically, the Bankruptcy Court  appropriately found that the Amended Complaint contained "conclusory allegations of law, unreasonable inferences or deductions of fact, or threadbare recitals of the elements of alter ego" that need not be accepted as true.  (*Id.* at 30.) The Bankruptcy Court correctly recognized that these allegations "offer mere conclusions that WMI controlled WMB but offer no factual allegations which would lead to a plausible inference that WMI directed WMB to engage in misconduct specifically related to the servicing of Youkelsone's mortgage."  (*Id.* at 31; D.I. 11 at 18-19.)  Moreover, the Bankruptcy Court properly took judicial notice of publicly available documents in determining that certain allegations in the Amended Complaint were not plausible in light of the public record. (B.D.I. 28 at 31-32) Accordingly, the court detects no error in the Bankruptcy Court's finding.

Lastly, the Bankruptcy Court did not err in concluding that Youkelsone failed to allege the complete control necessary to hold WMI liable for WMB's acts under Washington agency law. The Bankruptcy Court properly observed that the "close regulation and adherence to corporate formalities" negated "the type of domination necessary to find WMB a mere agent of WMI." (B.D.I. 28 at 35.)  Thus, the Bankruptcy Court correctly concluded that the Amended Complaint failed to establish liability under an agency theory.

### F. Leave to Amend

The court can find no error in the Bankruptcy Court's decision to deny Appellant leave to amend her complaint for a second time. "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997).

In this case, the amendment would be futile in that Youkelsone would not be able to circumvent the issue preclusion, statute of limitations, and intractable factual deficiencies. Appellant cites *Foman v. Davis*, 371 U.S. 178, 182, for the proposition that an "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the Federal Rules." (D.I. 10 at 37.) However, the present case is distinguishable as the Bankruptcy Court, here, has already permitted Youkelsone to file two complaints in this adversary proceeding. As such, this denial cannot be characterized as an outright refusal. While the Bankruptcy Court did not expressly declare the reason for denial in its Memorandum, the reasons are apparent given the challenges

presented by the Amended Complaint. The court concludes that Bankruptcy Court did not abuse its discretion in denying Appellant leave to file a third complaint.[6]

## VI.    CONCLUSION

For the foregoing reasons, the court will AFFIRM the Bankruptcy Court's August 13 Order.

Dated: May 23, 2017

UNITED STATES DISTRICT JUDGE

---

[6] To the extent Appellant argues that the court abused its discretion by "issuing its decision without providing a requir[ed] notice of its intent to take judicial notice and without an appropriate evidentiary hearing," (D.I. 10 at 4), the court concludes that Appellant has not shown that the Bankruptcy Court abused its discretion.